# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William Preston Boyce,**
**Petitioner Below, Petitioner**

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 11-1612** (Nicholas County 10-D-239)

**Shelley Renee Boyce,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner William Preston Boyce appeals the Circuit Court of Nicholas County's "Order Affirming the Final Order Granting Divorce of the Family Court of Nicholas County" entered on October 20, 2011. Petitioner is represented by James W. Keenan. Respondent, Shelley Renee Boyce, is represented by Timothy R. Ruckman.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

In her financial statement filed in this divorce action, respondent stated that she was not able to work due to specific medical conditions that she listed. Thereafter, petitioner propounded an interrogatory to respondent that sought the identity and contact information for all physicians "treating [respondent] for any condition justifying her allegation that she is unable to work" and the name and contact information of any healthcare facility she used in the preceding ten years. Respondent did not respond to this interrogatory. However, in response to another interrogatory question, she identified the name and business location of a physician's assistant who would be a witness at the evidentiary hearing. Petitioner filed a motion to compel discovery and a motion to continue the upcoming final divorce hearing. The family court denied the motion to continue. From the limited appendix record submitted on appeal, we are unable to determine whether the family court ever ruled on the motion to compel. However, during the final divorce hearing, petitioner's counsel advised the family court that there were no outstanding discovery issues. Both respondent and her treating physician's assistant testified without objection to various medical conditions that respondent suffers and for which she receives treatment.

The family court found that because of her medical problems, respondent is unable to work at the present time. The family court awarded respondent spousal support of $1,850 per month until she remarries or dies, or until further order of the court, together with the payment of her health insurance premium for thirty-six months. This was in addition to specific provisions in

1

the order regarding equitable distribution. Petitioner appealed to the circuit court, which affirmed. Petitioner now appeals to our Court, where we apply the following standard of review:

> In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Many of petitioner's arguments on appeal center around his assertion that the family court should have compelled a response to the above-quoted interrogatory. He argues that without an answer to this interrogatory, he was deprived of evidence that he could have used to rebut respondent's assertions as to her health and inability to work. The circuit court found that while respondent did not answer the interrogatory, it was not reversible error or cause for remand. Upon a careful review of the parties' arguments and the appendix record, we also find no reversible error. Respondent did partially respond by providing the information about her treating medical provider, a licensed physician's assistant. Moreover, during the final hearing, petitioner failed to bring the motion to compel to the attention of the family court. Rather, at the beginning of the hearing petitioner's counsel advised the family court that there were no outstanding discovery issues. Petitioner complains that he was denied the opportunity to have respondent undergo an independent medical examination, but there is nothing in the record indicating that petitioner ever asked for such an examination or sought to subpoena medical records from the physician's assistant who had been disclosed.

Petitioner also asserts that the family court made erroneous factual findings regarding respondent's inability to work and earn an income. As set forth above, we review a family court's findings of fact pursuant to a clearly erroneous standard. Upon a review of the appendix record, and applying this standard, we find sufficient evidence in the record to affirm. Both respondent and her medical provider testified about respondent's medical conditions. The evidence indicated that, among other problems, she has diabetic neuropathy in her hands and feet and is unable to stand for long periods of time. Respondent was formerly a self-employed beautician, and it is obvious that these medical problems would negatively impact a beautician's ability to work. Although petitioner's counsel objected to prevent the physician's assistant from giving an opinion as to whether respondent is disabled, counsel did not object to the evidence about petitioner's conditions and medications. Petitioner was permitted to cross-examine respondent and the physician's assistant, and petitioner did not present any evidence to show that respondent did not suffer from the medical conditions.

Petitioner additionally argues that the circuit court erred by finding that petitioner was not surprised by any evidence presented at the final divorce hearing. However, petitioner fails to identify any evidence that surprised him, and he fails to cite to the record for any instances where he raised this objection during the final hearing.

Finally, petitioner argues that the circuit court erred by finding that petitioner testified

2

that respondent is disabled. What the circuit court wrote in its October 20, 2011, order was that "at the hearing on March 28, 2011, the Petitioner testified that as early as 2002 he had wanted her to apply for Social Security disability benefits." Upon our review of the video recording of the final divorce hearing, we found at least two instances where petitioner testified that he had wanted respondent to apply for Social Security benefits. Accordingly, there is no error in this statement of the circuit court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  January 14, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II